UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TREVOR BROWN

                Plaintiff,

   -against-

CITY OF NEW YORK; CAPTAIN WILLIAM
GUERRIDO, CAPTAIN EDWIN DIAZ,
CORRECTION OFFICER KENNY IP, CORRECTION
OFFICER MALIK GAINES, CORRECTION OFFICER
PAUL CHADWICK, CORRECTION OFFICER ERIC
BOYD, CORRECTION OFFICER FRANK HEMMINGS,
AND CORRECTION OFFICER JOHN
TRANQUELLINO,

                Defendants.
----------------------------------------------------------------X

No. 07 Civ. 6163

*Berman, J.*
*Eaton, M.J.*

**FIRST AMENDED COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

       Plaintiff Trevor Brown ("Plaintiff" or "Mr. Brown"), through his attorneys, Beranbaum Menken Ben-Asher & Bierman LLP, complaining of Defendants the City of New York, Captain William Guerrido, Captain Edwin Diaz, Correction Officer Kenny Ip, Correction Officer Malik Gaines, Correction Officer Paul Chadwick, Correction Officer Eric Boyd, Correction Officer Frank Hemmings, and Correction Officer John Tranquellino, alleges:

## NATURE OF ACTION

    1.    This action is brought to recover money damages for the deprivation of Mr. Brown's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States to be free from excessive force, as well as violations of his rights under New York State Law.

2. Defendants, New York City Correction Officers and Officials, sadistically and maliciously beat the plaintiff or failed to intervene and protect him in violation of his due process rights, causing him to suffer great physical pain and emotional suffering. The above actions and/or inactions were all part of a pattern, policy or practice facilitated by the City of New York and its Department of Corrections supervisory staff.

3. Plaintiff seeks injunctive and declaratory relief, compensatory and punitive damages, attorney's fees under 42 U.S.C. § 1988, and other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

4. Plaintiff has met all jurisdictional prerequisites to bring this lawsuit.

5. The Court has jurisdiction over plaintiff's claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331 and 1343(3).

6. The violations described herein occurred while the Plaintiff was a pretrial detainee, housed in Quad 4 Upper of the Anna M. Kross Center at the Rikers Island Correctional Facility ("AMKC").

## THE PARTIES

7. Mr. Brown, the Plaintiff, is an inmate of the New York State Department of Correction, presently housed at Attica Correctional Facility in Attica, New York. At all relevant times he was a pretrial detainee in the custody of the New York City Department of Corrections.

8. Defendant City of New York is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies, and customs of the New York City Department of Corrections, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons

employed by the New York City Department of Corrections.

9. Defendant Captain William Guerrido, sued here in his individual capacity, is an employee of the New York City Department of Correction who, at all times relevant to this complaint, was assigned to the AMKC command and acting under color of state law.

10. Defendant Captain Edwin Diaz, sued here in his individual capacity, is an employee of the New York City Department of Correction who, at all times relevant to this complaint, was assigned to the AMKC command and acting under color of state law.

11. Defendant Correction Officer Kenny Ip, sued here in his individual capacity, is an employee of the New York City Department of Correction who, at all times relevant to this complaint, was assigned to the AMKC command and acting under color of state law.

12. Defendant Correction Officer Malik Gaines, sued here in his individual capacity, is an employee of the New York City Department of Correction who, at all times relevant to this complaint, was assigned to the AMKC command and acting under color of state law.

13. Defendant Correction Officer Paul Chadwick, sued here in his individual capacity, is an employee of the New York City Department of Correction who, at all times relevant to this complaint, was assigned to the AMKC command and acting under color of state law.

14. Defendant Correction Officer Eric Boyd, sued here in his individual capacity, is an employee of the New York City Department of Correction who, at all times relevant to this complaint, was assigned to the AMKC command and acting under color of state law.

15. Defendant Correction Officer Frank Hemmings, sued here in his individual capacity, is an employee of the New York City Department of Correction who, at all times relevant to this complaint, was assigned to the AMKC command and acting under color of state

law.

16.  Defendant Correction Officer John Tranquellino, sued here in his individual capacity, is an employee of the New York City Department of Correction who, at all times relevant to this complaint, was assigned to the AMKC command and acting under color of state law.

## FACTUAL ALLEGATIONS

17.  On September 16, 2004, a group of five to ten Correction Officers ("C.O.'s"), including the named defendants, came to Mr. Brown's cell in AMKC and told him to pack his things, because he was being rehoused.

18.  After he had packed his belongings, Mr. Brown asked the defendants, why he was being rehoused. One of the C.O.'s told Mr. Brown to keep his mouth closed.

19.  When Mr. Brown continued to ask why he was being rehoused, one of the C.O.'s shoved his head into the wall. At or around that time, five to ten C.O.'s, including the named defendants, rushed Mr. Brown and began severely beating him. In the course of the beating, they kicked and stomped on Mr. Brown several times, and sprayed him in the face with pepper spray.

20.  Mr. Brown received medical treatment from Dr. A. Hassan at AMKC following this unprovoked and malicious assault. He suffered severe injuries from the beating, including cuts to his face and head requiring a total of 20 stitches, abrasions on both his hands and a fractured finger on his left hand, multiple bruises on his shoulders and chests, and swelling and bleeding in his ears. He was sent to the Urgent Care center in the North Infirmary to receive stitches.

21.  As a result of his injuries from the Defendants' unprovoked assault, Mr. Brown

continues to have limited function in his left hand.

22. A representative of the Office of the Inspector General ("OIG") was present on the day of the beating, and took photographs of Mr. Brown's injuries.

23. Following the Defendants's assault of him, Mr. Brown was placed in punitive segregation, or "the box," for 290 days on charges of having "assaulted" three Correction Officers. These false allegations were "justified" by a shank which was planted in his cell, and which was not found until after the assault occurred. Mr. Brown was never criminally charged with the alleged assault or with possession or use of the shank.

24. The above actions of all defendants were sadistic and malicious in that plaintiff, at no time on September 16, 2004, conducted himself in a manner which would have warranted or necessitated the use of any physical force by the Defendants.

25. Defendant City of New York's failure to train and supervise the other individual Defendants concerning the use of physical force constitutes a deliberate or willful choice by defendant City of New York and a policy, custom, or practice resulting in a deliberate indifference to the rights of the plaintiff herein.

26. As a direct and proximate result of the aforementioned, plaintiff suffered a violation of his constitutional and civil rights and suffered serious physical and emotional injuries.

### CAUSE OF ACTION
### 42 U.S.C. § 1983

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through 18 of this Complaint with the same force and effect as if set forth herein.

28. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to him under the Constitution and the laws of the United States including, but not limited to, his rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from the use of excessive and unreasonable force, to be protected from physical harm while under custody of state law, and to be entitled to not be deprived of his liberty and physical well being without due process of law.

29. If certain of the aforesaid individual defendants did not assault or use excessive force on the plaintiff then such person failed, either intentionally and/or with indifference to the civil rights of the plaintiff, to act or protect the plaintiff, despite having a duty to so act.

24. As a result of the aforesaid use of excessive physical force, the plaintiff sustained grievous personal injuries to mind and body and sustained great pain and emotional suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

    a. Declaring that the acts and practices complained herein are in violation of 42 U.S.C. § 1983 and the New York State Constitution;

    b. Enjoining and permanently restraining these violations of law;

    c. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated;

    d. Directing Defendant to pay Plaintiff compensatory damages, including damages for his physical injuries, physical illness, mental anguish, pain and suffering and humiliation;

    e. Awarding Plaintiff the costs of this action together with reasonable

attorney's fees, as provided by 42 U.S.C. § 1988;

f.  Directing Defendant to pay punitive damages; and

g.  Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedures, Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: New York, New York
November 6, 2007

BERANBAUM MENKEN BEN-ASHER
& BIERMAN LLP

By: *[signature]*
Kristen E. Finlon
80 Pine Street, 32nd Floor
New York, New York 10005
(212) 509-1616